UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DONTRALE PHILLPS, **Plaintiff** | CIVIL ACTION NO. 1:18-CV-388-P |
| VERSUS | JUDGE DEE D. DRELL |
| LA DEPT. OF PUBLIC SAFETY & CORRECTIONS, ET AL., **Defendants** | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Dontrale Demarco Phillips ("Phillips") (#464769). Phillips was granted leave to proceed *in forma pauperis*. (Doc. 8). Phillips is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Phillips seeks a "declaratory judgment as to whether he is falsely imprisoned and subjected to slavery and involuntary servitude." (Doc. 5, p. 1).

Phillips has filed numerous civil actions and appeals in the federal courts, at least three of which were dismissed as frivolous, malicious, or for failing to state a claim for which relief can be granted.[1]

---

[1] Dontrale Demarko Phillips v. John C. Simoneaux, et al., Civil Action No. 13-2438 (W.D. La.); Dontrale Demarko Phillips v. Rapides Parish, et al., Civil Action No. 13-1925 (W.D. La.); and Dontrale Phillips v. Rapides Parish Judge's Office, et al., Civil Action No. 15-0250 (M.D. La.).

A prisoner shall not be granted pauper status under § 1915(g) if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Phillips claims he is entitled to proceed *in forma pauperis* because he is in imminent danger. Specifically, Phillips claims he has been stabbed five times and needs medical care. However, Phillips's § 1983 action has nothing to do with his purported imminent danger claim. "[A]n allegation of imminent danger must relate to the claims forming the basis of the complaint, and the claim for relief must be for the alleviation of that threat of harm." Wetzel v. Tanner, 16-5765, 2016 WL 3127302 at *2 (E.D. La. June 3, 2016) (citing Judd v. Fed. Election Comm'n, 311 Fed.Appx. 730, 731 (5th Cir. 2009) (although plaintiff is under a threat from his medical condition and fellow prisoners, neither of those threats is related to his complaint)); Moxley v. Keeton, No. 3:05–CV–0713, 2005 WL 1489925, at *2 (N.D. Tex. 2005), report and recommendation adopted, 2005 WL 1862187 (dismissing case as barred by three-strike provision because allegations of imminent danger were wholly unrelated to claims presented in complaint); Washington v. Erica Surpreant, 3:10-CV-2083, 2010 WL 5579676, at *1 (N.D. Tex. 2010), report and recommendation adopted, 2011 WL 121742 (denial of pauper status where imminent danger claims

unrelated to subject of complaint). As such, Phillips is not entitled to proceed *in forma pauperis*.

Moreover, to the extent that Phillips challenges the validity of his conviction or sentence, or seeks a release from custody, his claim must be filed as a petition for writ of habeas corpus.

For the foregoing reasons, the Order granting Phillips's application to proceed *in forma pauperis* (Doc. 8) is hereby REVOKED and RESCINDED;

IT IS FURTHER ORDERED that, in order for this complaint to remain viable, **Phillips must pay the full filing fee of four hundred dollars ($400.00) within twenty (20) days from the date of this order. <u>FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE PLEADINGS BEING STRICKEN FROM THE RECORD.</u>**

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 26th day of April, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge